OPINION
{¶ 1} Appellants, John Byerly, Sr. and Sandy Byerly, appeal the judgment entered by the Portage County Common Pleas Court. The trial court dismissed the guardian ad litem's motion to change visitation to supervised visitation. However, the trial court did so by adding certain conditions.
 {¶ 2} Garrett T. and Meaghan M. Byerly each have cases before the trial court with different trial court numbers. Separate appeals have been filed in each case. On appeal, these cases have been consolidated for all purposes.
 {¶ 3} Garrett and Meaghan are siblings. Their mother died in 1996. Their father is incarcerated, following his conviction for killing the children's mother. These proceedings involve the custody dispute between the maternal grandparents, William and Donna Cornelius ("Appellees"), and the paternal grandparents, appellants.
 {¶ 4} The instant action arises from a motion filed by the guardian ad litem to change visitation to supervised visitation.
 {¶ 5} Appellants sought to take the depositions of Dr. Pickton, the psychologist involved with the children, and appellees. The trial court granted protective orders filed by these individuals, preventing appellants from taking their depositions.
 {¶ 6} A hearing was held in December 2001. Appellants orally moved the court to dismiss the guardian ad litem's motion to change visitation to supervised visitation. The trial court called Dr. Pickton as a court's witness. Following the trial court's examination, the court took a recess. During this recess, the court met with the attorneys in chambers. These proceedings were not recorded as part of the record. Following this meeting, in open court, appellants withdrew their motion to dismiss the guardian ad litem's motion. Thereafter, the trial court asked Mr. Simon and Mr. Loepp, counsel for appellees and the guardian ad litem, respectively, if either had anything to say. Both responded in the negative. The court did not ask appellants' counsel this question.
 {¶ 7} The court proceeded to its decision. On its own motion, it dismissed the motion to change visitation to supervised visitation. The trial court dismissed the motion with certain conditions, restated infra.
 {¶ 8} Appellants did not have the opportunity to call any witnesses. Following the trial court's announcement of its decision, appellants' moved the court to proffer evidence. The trial court denied this motion.
 {¶ 9} The trial court issued a judgment entry denying the guardian ad litem's motion to change visitation to supervised visitation. The entry required: (1) appellants to seek and maintain counseling; (2) visitation exchanges to occur between the grandmothers; (3) appellants could not provide phone contact with the children's father; and (4) neither party to speak ill of one another in the presence of the grandchildren.
 {¶ 10} Appellees argue throughout their brief that appellants have not been prejudiced by any potential errors of the trial court, because the guardian ad litem's motion was denied by the trial court. Essentially, appellees are claiming that the trial court's decision did not affect a substantial right of appellants.
 {¶ 11} The trial court added conditions to the denial of the guardian ad litem's motion. The second and fourth conditions, requiring that visitation exchanges occur between the grandmothers and prohibiting the parties from speaking ill of each other in the presence of the children, do not significantly alter the prior visitation arrangements. The third condition prohibited appellants from providing telephone contact with the children's father. Appellants have not demonstrated how they have standing to assert this argument on behalf of their son. Moreover, this condition is consistent with the current version of R.C. 3109.48, which prohibits a person from allowing a child to visit a parent who has been convicted of killing the child's other parent without a court order granting the parent visitation rights and permission from the child's custodial or legal guardian.
 {¶ 12} The first condition, however, did substantially change the terms of visitation. It required appellants to seek and maintain counseling. This condition affects a substantial right of appellants. It is an additional requirement that must be met in order for appellants to have visitation with their grandchildren. Accordingly, we will address appellants' assigned errors, as the trial court's order affects a substantial right.
 {¶ 13} Appellants raise five assignments of error. These assignments of error will be addressed out of order. Appellants' first assignment of error is:
 {¶ 14} "The trial court denied appellants due process of law by not providing appellants with an opportunity to be heard and by not providing adequate notice of the full scope of the hearing on the GAL's Motion to Change Visitation to SupervisedVisitation."
 {¶ 15} Appellants assert that the trial court violated their due process rights by not giving them an opportunity to be heard. For the following reasons, we agree.
 {¶ 16} This court has held that "[c]ivil due process requires notice and an opportunity to be heard."[1] In addition, the individual must be given the "`opportunity to be heard "at a meaningful time and in a meaning manner."'"[2] "Thus, at a minimum, due process of law requires that when a court conducts a hearing, it gives the parties an opportunity to be heard."[3]
 {¶ 17} In addition, we note that, "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility."[4] Moreover, "[t]he court may, on its own motion or at the suggestion of a party, call witnesses, and allparties are entitled to cross-examine witnesses thuscalled."[5]
 {¶ 18} Dr. Pickton's testimony alleged the children were exposed to unsafe conditions at appellants' residence. He also testified that Garrett had told him that Mr. Byerly drinks a lot of beer when Garrett is there and he has called Garrett an "idiot," a "liar child," and a "stupid child." Dr. Pickton also testified that a civil lawsuit filed by appellees against appellants has increased the level of animosity between the parties.
 {¶ 19} Appellants had the right to rebut these allegations. However, appellants were not given the opportunity to cross-examine Dr. Pickton. In addition, appellants were not given the opportunity to present evidence.
 {¶ 20} At the beginning of the hearing, appellants' counsel specifically indicated he wished to call his clients to testify. Counsel also stated that he planned on calling a psychologist. This psychologist, Dr. Millsaps-Linger, was present throughout the testimony of Dr. Pickton.
 {¶ 21} The trial court committed reversible error by not giving appellants an opportunity to be heard in any manner, let alone a meaningful manner. Appellants' first assignment of error has merit.
 {¶ 22} Appellants' fourth assignment of error is:
 {¶ 23} "The trial court abused its discretion when it refused to allow appellants to proffer any evidence in support of their defense."
 {¶ 24} The Twelfth Appellate District has held, "as a general rule, a refusal to permit a proffer when direct examination evidence is excluded is error."[6] We agree. Counsel needs to be free to adequately proffer excluded evidence in order to preserve the issue for appellate review.[7] This is because a proffer assists a reviewing court when determining whether the trial court's exclusion of evidence affected a substantial right of the appellant as required by Evid.R. 103.[8]
 {¶ 25} As noted in our analysis of appellants' first assignment of error, the trial court rendered its decision prior to allowing appellants to present any evidence. Following the decision, appellants' counsel moved to proffer the testimony of "my client" and the psychologist. Appellants wished to proffer the testimony of either Mr. or Mrs. Byerly, or both, and Dr. Millsaps-Linger. The trial court did not permit appellants to proffer this testimony.
 {¶ 26} What would this evidence have shown? Would it have made a difference in the outcome of the trial? We do not know. This is the precise reason for allowing a party to make a proffer.
 {¶ 27} The trial court erred by not permitting appellants to proffer evidence. Appellants' fourth assignment of error has merit.
 {¶ 28} Appellants' fifth assignment of error is:
 {¶ 29} "The trial court abused its discretion when it prohibited appellants from conducting necessary discovery prior to the date of the hearing on the GAL's motion to modify visitation."
 {¶ 30} When reviewing a trial court's decision in a discovery matter, the relevant inquiry is whether the trial court abused its discretion.[9] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[10]
 {¶ 31} Initially, appellants assert the trial court erred by denying them the opportunity to depose appellees. Appellees did not file the motion that was before the trial court. The trial court's decision in regard to deposing appellees does not constitute an abuse of discretion.
 {¶ 32} Further, appellants contend the trial court erred by quashing a subpoena duces tecum for the production of school reports for the children. It was within the court's discretion to determine if the children's school records should be disclosed to appellants.
 {¶ 33} Appellants' claim the trial court erred by not requiring Dr. Pickton to turn over his files. Initially, the trial court ordered Dr. Pickton to provide appellants with his files, with any confidential material withheld. Dr. Pickton filed a motion to prevent this, claiming that his files were so heavily saturated with confidential material it was impossible to comply with the court's order. Thereafter, the trial court issued a new judgment entry vacating the previous order to provide the files to appellants. However, the court did require Dr. Pickton to create a statement containing a summary of his files and to file this document, under seal, with the court. Further, the court instructed that only the attorneys could review this document. The trial court did not abuse its discretion in resolving this situation in this manner.
 {¶ 34} Finally, appellants assert the trial court erred by preventing them from deposing Dr. Pickton. We agree. Dr. Pickton was the only witness called at the hearing in this matter. Appellants had the right to take his deposition to determine the nature of his testimony. The trial court abused its discretion by denying appellants an opportunity to depose the key witness in this matter.
 {¶ 35} Appellants' fifth assignment of error has merit.
 {¶ 36} Appellants' second assignment of error is:
 {¶ 37} "The trial court lacked jurisdiction to sua sponte
change the terms of visitation."
 {¶ 38} Appellants claim that the trial court lost jurisdiction over this matter when it dismissed the motion of the guardian ad litem. We disagree. "A court which obtains jurisdiction over and enters orders regarding the custody and support of children retains continuing and exclusive jurisdiction over such matters."[11]
 {¶ 39} Furthermore, appellants' assertion that the court modified visitation after dismissing the motion of the guardian ad litem is incorrect. At the conclusion of the hearing, the trial court stated, "the court will dismiss this matter on its own motion with the following provisos." Thus, the modifications were part of the dismissal, not orders subsequent to the dismissal.
 {¶ 40} Appellants' second assignment of error is without merit.
 {¶ 41} Appellants' third assignment of error is:
 {¶ 42} "The trial court abused its discretion when it issued a judgment entry changing the status quo of appellants' visitation with their grandchildren."
 {¶ 43} Appellants contend the trial court abused its discretion by not citing factors to support its ultimate decision. However, having found merit in appellants' first, fourth, and fifth assignments of error, this matter is being remanded for further proceedings.
 {¶ 44} Accordingly, appellant's third assignment of error is moot.
 {¶ 45} The combination of errors in this case necessitates a reversal. The trial court improperly restricted appellants' discovery by refusing to allow them to depose Dr. Pickton. At the hearing, the trial court reached its decision without allowing appellants to cross-examine Dr. Pickton or present any evidence in support of their defense. Finally, the court did not permit appellants to submit a proffer of their proposed evidence.
 {¶ 46} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
Rice and Nader, JJ., concur.
Nader, J., retired, of the Eleventh Appellate District, sitting by assignment,
[1] Williams v. Williams (Sept. 29, 2000), 11th Dist. No. 99-A-0008, 2000 Ohio App. LEXIS 4554, at *10, citing Goldberg v.Kelly (1970), 397 U.S. 254.
[2] Holz v. Holz (Nov. 16, 2001), 11th Dist. No. 2001-A-0003, 2001 Ohio App. LEXIS 5127, at *7, quoting Mathews v. Eldridge
(1976), 424 U.S. 319, 333, quoting Armstrong v. Manzo (1965),380 U.S. 545, 552.
[3] Holz v. Holz, at *7.
[4] Evid.R. 611(B).
[5] (Emphasis added.) Evid.R. 614(A).
[6] Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.
(1989), 63 Ohio App.3d 319, 329.
[7] Id., citing State v. Rivers (1977), 50 Ohio App.2d 129.
[8] Id., citing State v. Gilmore (1986), 28 Ohio St.3d 190, syllabus.
[9] Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592.
[10] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[11] (Citations omitted). Hardesty v. Hardesty (1984),16 Ohio App.3d 56, 58.