OPINION
{¶ 1} This is an appeal by W. Jeffrey Moore from an order of the Franklin County Municipal Court finding him to have been in indirect contempt of that court for subpoenaing a witness to arraignment court, in which the defendant who was represented by appellant had not yet been arraigned, and for whom no court date had been set. The trial court issued a show-cause order to appellant to appear and show cause why he should not be held in contempt. On the specified date, the appellant appeared before the trial judge, who advised appellant that he could either proceed with a full trial on another date or provide the court with his oral explanation and unsworn *Page 2 
testimony as to why the event occurred. Appellant opted for the latter option and proceeded with his oral explanation of what had occurred and why.
 {¶ 2} Appellant's explanation was that he represented a client against whom a domestic violence assault charge had been filed through the city attorney's office. However, although the warrants for arrest contained the client's correct name and address, the wrong social security number and date of birth had been inserted. Police twice came to the client's home to arrest him but each time let him go because of the inconsistent social security number and date of birth. The client contacted appellant, who was in Florida at the time helping his ill mother. Appellant suggested to the client that he go to the jail and turn himself in, but when he did so, the jail would not accept him, again because of the incorrect social security number and date of birth. In an effort to solve the problem, appellant told his client to show up on a specified date at court so that appellant could take him to the municipal arraignment court, so that the problem could be solved by the arraignment judge and the prosecutor. Knowing that the alleged victim would need to be spoken to by the prosecutor at the time appellant planned to have his client appear in court, appellant subpoenaed the victim to the arraignment court for that date. However, instead of solving his client's problem by his action, appellant created one for himself; namely, the order to show cause why he should not be found in contempt. When he appeared before the court upon the show-cause order, the court offered him an opportunity to have a full trial with sworn testimony and witnesses at a later date, or to proceed with an oral statement explaining his behavior on that date. Appellant opted for the informal procedure, which resulted in his being found in indirect contempt and fined $100. *Page 3 
 {¶ 3} R.C. 2705.02 provides, as follows, with respect to contempt:
 A person guilty of any of the following acts may be punished as for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer;
 (B) Misbehavior of an officer of the court in the performance of official duties, or in official transactions;
 (C) A failure to obey a subpoena duly served, or a refusal to be sworn or to answer as a witness, when lawfully required;
 (D) The rescue, or attempted rescue, of a person or of property in the custody of an officer by virtue of an order or process of court held by the officer;
 (E) A failure upon the part of a person recognized to appear as a witness in a court to appear in compliance with the terms of the person's recognizance;
 (F) A failure to comply with an order issued pursuant to section 3109.19 or 3111.81 of the Revised Code;
 (G) A failure to obey a subpoena issued by the department of job and family services or a child support enforcement agency pursuant to section 5101.37 of the Revised Code;
 (H) A willful failure to submit to genetic testing, or a willful failure to submit a child to genetic testing, as required by an order for genetic testing issued under section 3111.41 of the Revised Code.
 {¶ 4} Although the trial court did not specify which subsection of R.C. 2705.02 upon which it based its finding, in both the appellant's and appellee's brief subsection (B), misbehavior of an officer of the court, is referenced as the appropriate subsection.
 {¶ 5} Appellant raises a single assignment of error, as follows: "The trial court erred in finding the appellant in contempt of court." *Page 4 
 {¶ 6} In support of his appeal, appellant cites Windham Bank v.Tomaszcyk (1971), 27 Ohio St.2d 55, which defines contempt of court as being "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of his functions." Id. at paragraph one of the syllabus. Appellant also relies upon In re Lands (1946), 146 Ohio St. 589, which indicates that indirect contempt is committed outside the presence of the court but tends to obstruct the due and orderly administration of justice. Appellant contends that his conduct, even if improper, did not arise to the level as to constitute contempt. Appellee, State of Ohio, concedes that indirect criminal contempt must be proven beyond a reasonable doubt, citing Midland Steel Prod. Co. v. Internatl. U.A.W.Local 486 (1991), 61 Ohio St.3d 121, 127. The state also concedes thatMidland Steel requires that intent on the part of the contemptor must be shown.
 {¶ 7} Unfortunately, appellant opted for an informal procedure rather than a trial. In essence, the only evidence before the court was appellant's own unsworn statement. Accordingly, there is little for this court to review. Nevertheless, as with all witnesses, the trier of fact is entitled to believe or disbelieve all or any part of a witness's testimony. This court cannot substitute its judgment for that of the trial court. Much of appellant's statement consists of hearsay as to what occurred between his client and the police and other court officials. In addition, there is a proposition of de minimus non curat lex; that is, the law does not correct little things. Basically, the trial court found that appellant overzealously represented his client by causing a subpoena to be issued for a client to appear for a non-existent hearing. While some courts may have limited "punishment" for *Page 5 
such conduct to a reprimand, the appellee chose to find appellant in indirect contempt of court and imposed a fine of $100.
 {¶ 8} Under the circumstances, and in light of the procedure opted for by appellant, as well as the limited record that is before us, we are unable to find that the trial court acted improperly or abused its discretion in finding appellant to be in indirect contempt of court. Accordingly, the assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
KLATT and McGRATH, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1