DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from three Washington County Common Pleas Court judgments in a domestic relations matter that involves Patrick J. Wigal, plaintiff below and appellee herein, and Jo E. Wigal, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:[1] *Page 2 
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AWARDED CUSTODY OF THE MINOR CHILDREN TO PLAINTIFF, AWARDED ONLY MINIMAL PARENTING TIME TO DEFENDANT AND FAILED TO CONSIDER DEFENDANT'S REQUEST FOR SHARED PARENTING WITHOUT PROPER CONSIDERATION OF THE APPROPRIATE STATUTORY FRAMEWORK WHEN CONSIDERING SUCH ISSUES AS CUSTODY, VISITATION, AND/OR SHARED PARENTING."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED CHILD SUPPORT TO BE PAID BY DEFENDANT AND, EVEN IF THE COURT FINDS NO SUCH ERROR, THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS CALCULATION OF SUPPORT AS THE CHILD SUPPORT OBLIGATION WAS INCORRECTLY CALCULATED AND CONSIDERED PURSUANT TO CHAPTER 3119, et seq."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DIVIDED THE PARTIES' ASSETS AS THE TRIAL COURT FAILED TO PROPERLY CONSIDER SUCH A DIVISION OF PROPERTY PURSUANT TO R.C. § 3105.171, AND ALL THE NECESSARY FACTORS AS SET FORTH THEREIN, AS REQUIRED BY OHIO LAW."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT UTILIZED DIFFERENT DATES TO VALUE AND DIVIDE THE PARTIES ASSETS, WHICH INCLUDED THE PENSION PLANS OF PLAINTIFF." *Page 3 
 FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED QUALIFIED DOMESTIC RELATIONS ORDERS DIVIDING THE PARTIES' RETIREMENT ASSETS UTILIZING THE DATE OF MAY 16, 2005."
 SIXTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND THAT THE LAND THAT THE PARTIES' HOME WAS BUILT ON WAS GIFTED SOLELY TO THE PLAINTIFF AND FURTHER ERRED WHEN IT CREDITED THE PLAINTIFF AN AMOUNT OF $11,000 IN SEPARATE PROPERTY FOR THE VALUE OF SAID LAND."
 {¶ 3} The parties married in February 1989, and have five children. Appellant was apparently friends with Donna Bailey, and when Donna died, appellant spent considerable time at the Bailey house to console her deceased friend's husband, Tom Bailey, and their children. One thing apparently led to another, and appellant and Tom Bailey became romantically involved.
 {¶ 4} Appellee commenced the instant action in May 2005 and sought a divorce on grounds of gross neglect of duty, extreme cruelty and adultery. Appellee demanded a "fair and equal division of marital assets," together with custody of their children and child support. Appellant denied the allegations, but counterclaimed for divorce on grounds of gross neglect of duty, extreme cruelty and incompatibility. Appellant also requested a "settlement" of property rights, custody of the children and child support.
 {¶ 5} Several hearings were held in the early summer of 2006 to consider temporary orders. The gist of the evidence adduced during the hearings was that appellant spent considerable time at the Bailey household, leaving her own children *Page 4 
unattended, and that she and Tom Bailey spent an inordinate amount of their time inebriated. Evidence also suggested that Tom Bailey provided alcohol to the parties' underage child K.W. When confronted, Bailey threatened to tell K.W. that he was not biologically related to his father. The trial court awarded appellee temporary custody of the children and ordered appellant to pay child support.
 {¶ 6} At the final hearing in August 2006, the parties argued mainly about parenting skills, and less about asset disposition. At the conclusion of the hearing, the trial court requested proposed findings of fact and conclusions of law.
 {¶ 7} On October 30, 2006, the trial court issued findings of fact and conclusions of law and granted the divorce on grounds of incompatibility. The court designated appellee as the residential parent and custodian of the minor children and ordered appellant to continue paying the child support amount that it ordered in 2005. The court also ordered property distribution, including appellee's "savings and pension plan through his place of employment."
 {¶ 8} Appellant filed her first notice of appeal (Case No. 06CA70) from that judgment. On January 24, 2007, the trial court filed a Qualified Domestic Relations Orders (QDRO) and divided appellee's savings and pension plans. Appellant filed her second notice of appeal (Case No. 07CA10) from those two orders. On March 9, 2007, we consolidated the cases for purposes of decision and judgment. Both matters are now properly before us for review.
 I {¶ 9} Appellant's first assignment of error challenges the trial court's decision to name appellee the minor children's residential parent. Our analysis begins from the *Page 5 
premise that when allocating parental rights and responsibilities, courts must take into account the best interests of the children. See R.C. 3109.04(B)(1). To determine what is in the best interest of the children, trial courts may consider all relevant factors, including the following:
 "(a) The wishes of the child's parents regarding the child's care;(b) * * * the wishes and concerns of the child, as expressed to the court;(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;(d) The child's adjustment to the child's home, school, and community;(e) The mental and physical health of all persons involved in the situation;(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." Id. at (F)(1)
 {¶ 10} Appellant asserts that the trial court did not consider the pertinent statutory framework when it rendered its decision. We disagree. Although it is true that the court did not explicitly cite precise statutory subsections that factored into its decision, we find no requirement either in the statute or in case authority to require that courts include such citations in its final judgment.
 {¶ 11} After our review of the trial court's extensive findings of fact and conclusions of law, it is apparent that the court considered the statute and devoted considerable thought to the allocation of parental rights and responsibilities. The court also explicitly cited appellant's interference with appellee's visitation rights during these *Page 6 
proceeding as one factor that it considered. See R.C.3109.04(F)1)d)[2]
 {¶ 12} Also, the findings of fact and conclusions of law also indicate that the trial court may have been concerned about the "mental health" of both appellant and her children. See id. at (F)(1)(e). Evidence included the following: (1) an incident when appellant barged into appellee's house, uninvited, in a fit of rage and verbally attacked his girlfriend;"[3] and (2) an incident at her children's school in which appellant had a screaming fit and called her ex-mother-in-law vile names."[4]
 {¶ 13} The trial court also cited various instances when appellant attempted to countermand appellee's instructions to the children and to poison their feelings about their father. All this indicates that the court was concerned both with appellant's mental stability, and the detrimental effect that such actions may have on the parties' children.
 {¶ 14} In addition to the foregoing, the trial court expressed concern about appellant's relationship with Tom Bailey. The evidence revealed that Bailey provided alcohol to K.W. (who is underage), and that appellant knew, and presumably approved, of that action. Extensive evidence was also adduced regarding a confrontation at a "Cabela's" store when Bailey screamed at appellee, called him a "child abuser" and caused a scene in full view of the minor children. Nothing in the record indicates that appellant attempted to stop or restrain Bailey from engaging in these antics. *Page 7 
 {¶ 15} The list of R.C. 3109.04(F) factors that trial courts may consider are nonexclusive. Doerfler v. Doerfler, Wayne App. No. 06CA0021, 2006-Ohio-6960, at ¶ 35; Siefker v. Siefker, Putnam App. No. 12-6-04, 2006-Ohio-5145, at ¶ 4. In other words, when making an allocation of parental rights and responsibilities, a court may consider any factor that it deems relevant to that allocation. Although we find that in the case sub judice the court did consider several of the factors set out in the statute, it also appears that its decision is based, in part, on Bailey's influence over the Wigal children and appellant's failure to restrain or to restrict him. We certainly find no error in the court's consideration of that factor.
 {¶ 16} Insofar as appellant's claim that the trial court erred in weighing those factors, we find no merit to that assertion. Trial courts possess broad discretion to decide custody matters and those decisions should not be disturbed absent an abuse of discretion. Bragg v.Hatfield, 152 Ohio App.3d 174, 787 N.E.2d 44, 2003-Ohio-1441, at ¶ 24;Hinton v. Hinton, Washington App. No. 02CA54, 2003-Ohio-2785, at ¶ 9;Ferris v. Ferris, Meigs App. No. 02CA4, 2003-Ohio-1284, at ¶ 20. We note that an abuse of discretion is much more than an error of law or judgment; rather it implies that a court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140; State ex rel. Solomon v. Police Firemen's Disability Pension Fund Bd. of Trustees (1995),72 Ohio St.3d 62, 64, 647 N.E.2d 486. In other words, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance of judgment, not the exercise of reason but instead passion or bias. Vaught v. ClevelandClinic Found., 98 Ohio St.3d 485, 787 N.E.2d 631, 2003-Ohio-2181, at ¶ 13; Nakoff v. Fairview Gen. *Page 8 Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. When applying the abuse of discretion standard, appellate courts must not simply substitute their judgment for that of the trial court. State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 17} In the case at bar, the trial court had ample reason to be concerned about the effect that appellant and her boyfriend had on the minor children. Evidence showed that Bailey provided K.W. with alcohol, and appellant either approved or acquiesced to that action. Appellant also had a history of volatile behavior.
 {¶ 18} After we consider all of the evidence in the record, we find no abuse of discretion in the trial court's decision to designate appellee as the residential parent.
 {¶ 19} We also find no merit to appellant's contention that the trial court failed to consider her shared parenting request. To the contrary, the trial considered appellant's request, but rejected it for the same reasons that it focused upon when it designated appellee as the residential parent. R.C. 3109.04(F)(2) states that when determining whether shared parenting is in the best interest of the child, a court shall consider all of the (F)(1) factors, of the statute as well as the following:
 "(a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;(b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;(c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;(d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem."
 {¶ 20} Just as we found no error in the trial court's balancing of these factors to designate appellee as the residential parent, we likewise find no abuse of discretion in *Page 9 
the trial court's refusal to grant appellant's shared parenting request. Sufficient evidence appears in the record to indicate that Tom Bailey's presence is harmful to the children, and that appellant has attempted to undermine appellee's influence with the children.
 {¶ 21} Moreover, the evidence adduced at the final hearing made it patently clear that the parents will not, in the foreseeable future, be able to cooperate and make joint decisions concerning their children. Appellant made it obvious she is not particularly concerned about fostering love and affection between the children and their father. Thus, we fully agree with the trial court's conclusion that shared parenting will not succeed at this juncture.
 {¶ 22} Insofar as appellant's complaints about visitation, we note that this issue is also committed to a trial court's sound discretion. See Hoppel v. Hoppel, Columbiana App. No. 06CO31, 2007-Ohio-5246, at ¶ 31; also see Goldsboro v. Goldsboro, Miami App. No. 2006CA48,2007-Ohio-2135, at ¶ 34; Braden v. Braden, Portage App. No. 2006-P-0028,2006-Ohio-6878, at ¶ 14. In light of all of the evidence, we are not persuaded that the court abused its discretion in fashioning visitation. This is particularly so in light of the fact that appellant did not present an alternate visitation schedule, nor does she argue what particular visitation schedule the court should have ordered.
 {¶ 23} Accordingly, we find no merit in the arguments advanced in support of appellant's first assignment of error and it is hereby overruled.
 II {¶ 24} Appellant asserts in her second assignment of error that the trial court erred by ordering a continuation of the 2005 temporary child support order without *Page 10 
completing a new and revised worksheet. Appellee concedes this assignment of error in his brief, and we agree with the parties that a reversal is required.
 {¶ 25} Although neither party provided the trial court with recent information to complete a worksheet (and it is tempting to apply a waiver theory on this point), support payments are not intended to benefit a custodial parent, or to penalize a non-custodial parent. Child support is solely for the benefit of the children. See State ex rel.Spencer v. Gatten, Cuyahoga App. No. 89398, 2007-Ohio-4071, at ¶ 16;Day v. Bloom, Medina App. No. 06CA0039-M. 2006-Ohio-6957, at ¶ 8. Thus, the children deserve support commensurate with their parents' current income and expenses.
 {¶ 26} Accordingly, we hereby sustain appellant's second assignment of error and remand this issue for a recalculation of child support.
 III {¶ 27} Appellant's third, fourth and fifth assignments of error include various arguments that attack the trial court's distribution of marital property. We reject all three assignments of error.
 {¶ 28} First, we note that appellant lumps the assignments of error in a single argument. App.R. 16(A)(7), however, requires a separate argument for each assignment of error. The failure to comply with that rule allows us to disregard those assignments of error and affirm the trial court's decision. See App.R. 12(A)(2); Mortgage ElectronicRegistrations Sys. v. Mullins, 161 Ohio App.3d 12, 829 N.E.2d 326,2005-Ohio-2303, at ¶ 22; Park v. Ambrose (1993), 85 Ohio App.3d 179,186, 619 N .E.2d 469.
 {¶ 29} Second, we are not persuaded that the assignments of error have merit. For example, appellant argues that the trial court mistakenly used the date the divorce *Page 11 
complaint was filed (May 16, 2005) to value and distribute appellee's pension plan in the QDRO. However, in her October 2, 2006 proposed findings of fact and conclusions of law, she posited "[b]oth parties testified that the retirement and 401(k) benefits of the Plaintiff/Husband should be split by QDRO from the date of the marriageuntil the filing on the Complaint on May 16, 2005." (Emphasis added.) With regard to appellant's challenge to the property division and distribution, appellant does not argue that the division is unequal or inequitable, but, instead, she attacks perceived technical problems with the distribution. One problem is the trial court's failure to specify in its findings of fact and conclusions of law the R.C. 3105.171 factors that it relied on to divide the property. That statute, however, only requires that the factors to be considered. Nothing requires a trial court to explicitly discuss each and every factor. McClung v.McClung, Franklin App. No. 03AP-156, 2004-Ohio-240, at ¶ 7; Hall v.Hall (Mar. 27, 1995), Butler App. No. CA94-05-104. In the absence of a specific claim that the distribution is unequal or inequitable, we will not micro-analyze the trial court's decision.
 {¶ 30} We also hasten to add that although the property division issue was not as highly contested as the custody issue, the trial court still took pains to address this issue. Appellee received the marital residence and was ordered to refinance the mortgage within one hundred twenty days (120) to hold his ex-wife harmless of any obligation. A seven page itemized list of the parties' personal property, together with asset valuations, was also adduced during the trial court proceedings and each party requested certain items. Neither party challenged those requests, challenged any of *Page 12 
the valuations, or claimed that additional assets were not included in the list.[5] The trial court awarded some property to appellant and some to appellee. Further, to "equalize the division of property" the court ordered appellee to pay appellant $23,089.78 within one hundred twenty days of the final entry. Although it may have been arguably better practice for the trial court to have provided a side by side recapitulation of the property to indicate the precise dollar amounts, absent a claim that the distribution is unequal or inequitable we find no error due to the absence of such figures.
 {¶ 31} Appellant also asserts that the trial court failed to divide the parties debts. We disagree. The trial court ordered appellee to pay the mortgage (and refinance it so that appellant would be held harmless thereon). The court awarded several motor vehicles to appellant, including the liability for the vehicle liens. All that notwithstanding, appellant claims that the court did not allocate other credit card debts. However, we have found no evidence of any such debt mentioned during the final hearing and appellant does not cite us to any.
 {¶ 32} In conclusion, we again note that appellant makes no claim that the trial court's property distribution is either unequal or inequitable. Rather, her challenges are directed at various technical aspects of the property distribution. To the extent that any merit exists to her arguments, or that the court could have been more specific in its recapitulation of the assets, these are minor matters that — (especially in view of the maxim de minimus non curat lex) — do not warrant a reversal of the trial court's judgment. See In re Moore, Franklin App. No. 06AP-970, 2007-Ohio-3995, at ¶ 7; *Page 13 Gahanna v. Cameron, Franklin App. No. 02AP-255, 2002-Ohio-6959, at ¶ 43.
 {¶ 33} For these reasons, we hereby overrule appellant's third, fourth and fifth assignments of error.
 IV {¶ 34} Appellant's sixth assignment of error challenges the trial court's computation of equity in the marital home. In particular, she claims that the trial court erred in finding that the real property on which the home was constructed was a gift from appellee's parents and, thus, separate property. We disagree.
 {¶ 35} A trial court's classification of property as marital or separate is a factual finding that appellate courts review under the manifest weight of the evidence standard. See Barkley v. Barkley (1997),119 Ohio App.3d 155, 159, 694 N.E.2d 989; Childers v. Childers, Scioto App. No. 05CA3007, 2006-Ohio-1391, at ¶ 20. In other words, appellate courts will not reverse a trial court's decision on this issue if it is supported by some competent, credible evidence. Eddy v. Eddy, Washington App. No. 01CA20, 2002-Ohio-4345, at ¶ 27; Parker v. Parker (Jun. 8, 2000), Scioto App. No. 98CA2828.
 {¶ 36} Appellee testified that the real property was a gift from his parents. Appellant challenged this testimony, and claimed that the evidence is "minimal" and that the court should not have believed it. Appellant also testified that the property was not a gift because the parties subsequently paid appellee's parents for the property. We are not persuaded.
 {¶ 37} Weight of the evidence and witness credibility are issues that trial courts must determine as the trier of fact. See Cole v. CompleteAuto Transit, Inc. (1997), 119 Ohio App.3d 771, 777-778, 696 N.E.2d 289;Jacobs v. Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466, at ¶ 31;Reed v. Smith (Mar. 14, 2001), Pike App. No. 00CA650. *Page 14 
The underlying rationale for appellate courts deferring to the trier of fact on matters of evidence weight and witness credibility is that the trier of fact is better able to view witnesses and to observe their demeanor, gestures, and voice inflections and to use those observations to weigh credibility. Myers v. Garson (1993), 66 Ohio St.3d 610, 615,614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273. Thus, a trial court may believe all, part or none of the testimony of any witness who appears before it. Rogers v.Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F.Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591; also seeState v. Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80.
 {¶ 38} In the case sub judice, the trial court obviously believed appellee's testimony that the real property was a gift from appellee's parents. This is within the trial court's purview as the trier of fact, and we can discern no error. For these reasons, we hereby overrule appellant's sixth assignment of error.
 {¶ 39} Having sustained appellant's second assignment of error, we hereby affirm the trial court's judgment in part, reverse it in part, and remand the matter for recalculation of child support using the parties most recent income and expense information. However, we hereby affirm the remainder of the trial court's judgment.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and case remanded for further proceedings consistent with this opinion. *Page 15 
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J.: Concurs in Judgment Opinion as to Assignments of Error II VI; Concurs in Judgment Only as to Assignments of Error I, III, IV V McFarland, J.: Concurs in Judgment Opinion
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellant's brief contains a joint statement of assignments of error and issues presented, but neglects to outline any of the "issues" she sees in this appeal. This is improper as App.R. 16(A)(4) requires a statement of those issues. Moreover, even if appellant had included a statement of issues, it would nevertheless have been improper to include them in a single statement together with the assignments of error. App.R. 16(A)(3)(4) provides that the two must be separate.
[2] The evidence also reveals that appellant failed to timely satisfy her child support obligations, which is relevant under R.C.3109.04(F)(1)(g). However, because the trial court did not cite that evidence in its decision, we do not rely on it here.
[3] A 911 tape introduced into evidence apparently captured some of this incident in audio format.
[4] The foul language and screaming apparently became so bad that a teacher had to go outside and calm appellant because her antics scared the children.
[5] We note that appellant did object to bookcases that she had purchased and attached to the walls at the marital residence. However, presumably on the basis that the bookcases are fixtures, the trial court decided to keep them attached to the house. *Page 1