[Cite as *In re J.M.*, 2013-Ohio-4179.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: J.M. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. CT2013-0009 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20830022


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        September 23, 2013


APPEARANCES:

For Appellant Rebecca McManes

JOHN D. WEAVER
542 South Drexel Avenue
Bexley, OH  43209

For Appellee Erin Shrigley

HERBERT W. BAKER
P.O. Box 400
Zanesville, OH  43702-0400

*Farmer, J.*

{¶1} On May 5, 2011, an agreed entry was filed wherein appellant, Rebecca McManes, was named legal custodian of J.M. born July 17, 2007. Appellant is the maternal grandmother of the child. Appellee, Erin Shrigley, the child's paternal aunt, was granted visitation rights.

{¶2} Disputes over visitation arose and the parties filed contempt motions against each other. On August 15, 2012, appellant filed a motion to modify visitation. A hearing on all the outstanding motions was held on December 4, 2012. By entry filed January 7, 2013, the trial court revised the visitation schedule.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW BY DENYING APPELLANT AN OPPORTUNITY TO BE HEARD."

I

{¶5} Appellant claims the trial court erred in failing to afford her the opportunity to present testimony on her motion to modify the visitation schedule. We disagree.

{¶6} On December 4, 2012, a hearing was held on appellant's motion to modify visitation and a contempt motion against appellee, along with contempt motions filed by appellee against appellant for failure to afford visitation. The trial court proceeded first with the contempt motions filed by appellee. T. at 4. After the cross-examination of appellant by appellee's counsel, the trial court permitted direct examination by her attorney but stated "we can keep that [motion to modify] separate. Let's get these

contempt things out of the way."  T. at 24.  The trial court decided to bifurcate the contempt motions from the motion to modify.  *Id.*  Appellee's attorney clarified that the trial court desired bifurcation (T. at 25):

Attorney Baker: All right.  Well Your Honor, the reason I am asking this my next witness is going to be my client.  I won't ask her questions about the modification then if that's the way you want to do it.  That's the reason I am asking the question.

Judge Gormley: Well yeah, when your client testifies, let's get the contempt part of this stuff out of the way and then she can come back and testify about the modification.

Attorney Baker: All right, that's all I wanted to know.  Thank you Your Honor.

{¶7}  The testimony following the bifurcation decision was limited to the contempt motions.  Appellant's defense to appellee's allegation that she was not affording appellee visitation was that appellee was not exercising visitation rights but rather her mother was.  T. at 46-47.  As a result, appellant believed she was justified in denying visitation.  Appellee's defense to appellant's allegation was that her mother provided transportation, picking up the child for visitation, and she only missed visitations when she was working or unable to be there.  T. at 80-81.

{¶8} The testimony presented to the trial court was a litany of observed visitations, unobserved visitations, failed visitations, and the methods used to attempt visitations.

{¶9} During her direct examination, appellee testified she saw no reason to modify the visitation schedule because the issues seemed to be resolved during the summer of 2012, but did suggest some time changes. T. at 108-109. Appellant's counsel objected because of the bifurcation order and the trial court ruled as follows (T. at 110):

Attorney Russo: Your Honor, I am going to object to this line of questioning. I think we are getting into modification of the visitation order and it was my understanding we were initially addressing...

Judge Gormley: Well that's what I originally said but we are burning up the clock and so if we are going to, if you want to get into modification of visitation today we better get started on it because we only got forty five minutes left to talk about it.

{¶10} Appellee saw the only need for change to be a half-hour adjustment on the weekday visit. T. at 110-112. Appellee admitted that Wednesday evening visitations were not with her, but with some members of her family. T. at 114. Appellant's counsel cross-examined appellee on her actual personal visitation with the child and the fact that she was not picking up the child for visitations. T. at 116-118, 124-126.

{¶11}  At the conclusion of the testimony of both appellant and appellee, the trial court asked appellant's counsel what she wanted relative to her motion to modify visitation.  T. at 134.  Appellant and her counsel enumerated to the trial court appellant's desires regarding modification.  T. at 134-140.  The trial court then specifically ordered appellant's counsel to prepare in writing the specific changes appellant wanted and appellee's counsel was to respond.  T. at 141.  The trial court suggested an entire "rewrite" of the designation of "non-residential" parent to include appellee and her extended family on the issue of visitation and appellee was to prepare a list of family members.  T. at 144-145.  Appellant's counsel did not object to the trial court's suggestion, but requested that the guardian ad litem be involved.  T. at 146-147.  The trial court ordered the following (T. at 148):

Judge Gormley: And for the child.  And for the child.  Yes.  All right, that's all we are going to do today this morning on this matter.  And you, Mr. Russo you submit in writing your proposed, how you would like the visitation order modified.  Mr. Baker you can respond to that.  I think seven days would be reasonable enough.  You don't need very much time on this.  Seven days, you respond in seven days.  You give me your list in seven days and you can respond to that.  I mean if there is a person on that list that your client for some reason, particularly undesirable, you can let me know and I will consider whether that is a reasonable complaint, you know?

{¶12} Appellant's counsel did not objection to this procedure. T. at 148-149. Both parties complied with the trial court's directives. After the responses were filed, the trial court modified the visitation schedule, basically adjusted the visitation schedule according to appellee's wishes.

{¶13} We note appellant was present at the hearing and testified and was represented by counsel. Appellant did not request a continuance or proffer or express a desire to present additional evidence. Appellant was not denied due process. *Braden v. Braden,* 8th Dist. Portage No. 2006-P-0028, 2006-Ohio-6878; *Yeupell v. Yeupell,* 6th Dist. Williams No. WM-95-021, 1996 WL 302360 (June 7, 1996). Further, after a review of appellant's motion to modify, it is clear that appellant's position was thoroughly vented during the hearing and in her proposal to the trial court.

{¶14} Upon review, we conclude appellant, via her testimony during the hearing and her proposal for modification of visitation, had a full hearing on her motion to modify. With the assent by counsel to the trial court's procedures, we find no lack of due process or a denial of any opportunity to be heard.

{¶15} The sole assignment of error is denied.

{¶16}  The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Patricia A. Delaney


SGF/sg 903

[Cite as *In re J.M.*, 2013-Ohio-4179.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: J.M.     :
              :
              :     JUDGMENT ENTRY
              :
              :
              :
              :     CASE NO. CT2013-0009

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is affirmed.  Costs to appellant.

            _____
            Hon. Sheila G. Farmer

            _____
            Hon. W. Scott Gwin

            _____
            Hon. Patricia A. Delaney