## FULLERTON v FULLERTON

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13199. Decided April 17, 1933

McKeehan, Merrick, Arter & Stewart, Cleveland, for plaintiff in error.

Messrs. Waterworth, Cleveland, for defendant in error.

LIEGHLEY, PJ.

This former decision of this court practically decides the question submitted to us on this hearing. The defendant moved to modify the decree and by the filing of said motion conceded that the trial court had jurisdiction to modify and that the contract entered into by the parties by its terms did not deprive the court of jurisdiction over certain matters covered by the contract, and particularly the matter covered by the portion above quoted from said final decree.

Thereafter on April 29th, 1931, the transcript contains an entry to the effect that the motion to modify alimony is overruled, which entry probably followed a hearing

in pursuance of the last above mentioned decision.

On July 19th, 1932, the plaintiff filed a motion to show cause why the defendant should not be punished by contempt for failure to pay the monthly alimony as by his contract he agreed to do and by the final decree he was ordered to do. This motion was finally dismissed on motion of the defendant for want of jurisdiction, to which the plaintiff excepted. From this final order plaintiff prosecutes error to reverse same upon the ground that the terms of the contract carried into and approved by the court and the provisions of the final decree in respect to these monthly installments of alimony constitute a continuing order of the court.

The defendant claims that a contract having been entered into by the parties the court is thereby precluded and foreclosed from any further consideration of the property rights of the respective parties; that the decree provides for judgment and execution thereon and that this is the sole remedy of the plaintiff. The defendant claims that the decision of the question of his ability or inability to pay rests with him under the terms of the contract.

The attention of the courts has been repeatedly challenged to a consideration of these contracts entered into between the parties during the pendency of an action for divorce or alimony or both. In one way and another and upon one phase of the question or another, the Supreme Court has considered these contracts from the case of **Law v Law, 64 Oh St 369**, to the case of **Sponseller v Sponseller, 110 Oh St 395.** Shepherd's Citations disclose that the Court of Appeals in more than one district has had this subject matter under consideration.

We are satisfied from an examination of these authorities that the court retains a continuing jurisdiction not to modify but to enforce such contracts carried into and made a part of the final decree, in which decree it is ordered that the respective parties perform in manner and form as by the terms of their contract they agree to perform. Especially is this true under the facts of this case, wherein there is a continuing order to pay alimony in monthly installments with the reservation in the court of the right to reduce the sum specified in the event the court be convinced that the defendant no longer is able to meet the stipulated monthly installment. Certainly the parties never intended when they executed the contract nor did the court intend when it made the order evidenced by the final decree that the decision of the question of the ability of the defendant to pay should rest and remain with him. It is our opinion further that the provision in the final decree that judgment is entered for the monthly installments for which execution is awarded is simply an alternative and an additional remedy provided the plaintiff and not an exclusive remedy.

The judgment is reversed with instructions to overrule the motion to dismiss the motion to show cause and to reinstate said motion to show cause.

LEVINE, and McGILL, JJ, concur.