**DAILEY, Plaintiff-Appellee, v. DAILEY, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

Nos. 6006, 6007. Decided April 14, 1959.

Butler, Addison, Smith & Carmack, Richard C. Addison, of Counsel, Gale R. King, Columbus, for plaintiff-appellee.

Earl W. Charls, Ginocchio & Ginocchio, Cincinnati, for defendant-appellant

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION
By BRYANT, PJ.

This matter comes on for consideration upon the appeal on questions of law in cases Numbers 6006 and 6007 in which Sylvia D. Dailey is plaintiff-appellee and Leonard Clarence Dailey is defendant-appellant.

At the time of the oral argument on this case there was pending the motion of plaintiff-appellee to require the defendant-appellant to furnish additional bond. It was stated in open court by counsel that the additional bond had been given and that a suitable entry would be prepared to dispose of all questions raised by said motion and therefore no further attention will be given to this motion.

The two cases which are now on appeal to this court had their beginning in the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations on December 2, 1950 when Sylvia D. Dailey filed a petition for divorce from Leonard Clarence Dailey. To this petition, Leonard Clarence Dailey filed an answer consisting of two defenses, the first admitting certain jurisdictional and other uncontroverted mat-

ters but specifically denying the several alleged grounds for divorce and containing a general denial of other allegations, while the second defense alleged that Sylvia D. Dailey was guilty of misconduct and not entitled to a divorce. Thereafter the parties entered into a separation agreement consisting of three legal size pages and containing in detail the terms on which the various rights of the parties were settled. Both the husband and wife signed this agreement along with four witnesses and separate acknowledgments were made by each of the parties. Thereafter on October 25, 1951, a decree of divorce was entered on the records of the court below. It granted the divorce to Sylvia D. Dailey and found that Leonard Clarence Dailey was guilty of gross neglect of duty. At the conclusion of the divorce entry there appears the following language:

"The court further finds that the parties hereto have entered into a separation agreement, settling their alimony and property rights, which separation agreement, upon examination by the court appears to be fair and equitable.

"It is therefore ordered, adjudged and decreed by the court that said separation agreement, a copy of which is attached hereto, be, and is hereby made a part of this decree as fully as if rewritten herein."

The separation agreement indicates it was entered into October 24, 1951. Many of its provisions were to be fully executed at or shortly after the time the agreement was signed. The following are extracts from the agreement and are set forth to illustrate how the questions now before this court had their inception:

"WHEREAS, unfortunate differences have arisen between said husband and wife, rendering it impossible for them to hereafter live together, and said parties have agreed upon an immediate separation, and ʻʻ* * *

"WHEREAS, these parties, by this agreement, desire to settle all questions of property rights, maintenance, support, alimony, dower and other interests.

"NOW, THEREFORE, IN CONSIDERATION of the promises and agreements hereinafter set forth and things to be done between the parties pursuant thereto, it is agreed as follows:

"2. The husband agrees to pay to the wife, as alimony, the sum of Twenty-five Thousand ($25,000.00) dollars within five (5) days from the signing of this agreement **and in addition thereto**, to pay to the wife the sum of Twenty Thousand ($20,000.00) dollars, not later than February 1, 1952, **and in addition thereto**, to pay to the wife the sum of Ten Thousand ($10,000.00) dollars each succeeding month of January for the next eleven (11) consecutive years.

"**It is further agreed by the husband that in the event of his death prior to the payments of all monies referred to herein, the unpaid amounts remaining shall be a charge against his estate.**

"7. In consideration of the performance of the provisions of this agreement, each party releases the other from all obligations past or present, or for further care, support and maintenance; and agrees not to contract upon the credit of the other, any obligation; nor to institute any actions or claims for alimony, support, expense money, or otherwise, one against the other, except as herein stated.

"8. This agreement shall be a full and complete settlement of all the property rights between the parties, each of whom does by the provisions hereof, release, satisfy and discharge all claims and demands against the other party, including all rights of dower, inheritance, descent, distribution, allowance for year's support, exemption from administration, all rights as surviving spouse, heir, legatee, and next of kin in the estate of the other, and in all property which each now owns or may hereafter acquire, except as provided herein.

"10. This agreement shall be submitted to any court in which an action may be pending between the parties for divorce and if found by the court to be fair and equitable and approved by said court, shall be incorporated in the final decree of said court as the order of said court." (Emphasis added.)

As herein above noted the divorce entry states that the court examined the separation agreement and found it to be fair and equitable and incorporated it in its entirety in the divorce decree.

The precise questions now before the court had their inception on December 30, 1957, when counsel for Leonard Clarence Dailey filed a motion to modify the divorce decree dated October 25, 1951 by "terminating those provisions which require defendant to pay plaintiff the sum of $10,000 each succeeding January for the next eleven (11) consecutive years following February 1, 1952, insofar as said provisions relate to the months of January beginning in 1958, and ending in January 1963, inclusive, for the reason that said plaintiff married one Leslie E. Cox at Richmond, Ind. on November 29, 1957, and that said Leslie E. Cox is well able to support and maintain properly the said plaintiff." In the language which followed, the said motion asked, in the alternative, that if the court did not terminate such payments entirely that the court modify the amounts required to be paid by the husband under the agreement relating to the $10,000 payments "by reducing the amount required to be paid."

The court was asked to rule upon the alternative motion only in the event it overruled the motion to terminate the payments completely.

A hearing was had and the testimony of Leslie E. Cox was taken. Cox testified that he was married to Sylvia D. Dailey on November 29, 1957, and stated that his net income in 1957 was $4,950 plus about $200 interest on a savings account, that he owned war savings bonds amounting to $1,850 and a house and lot located on the north side of Columbus and also a 1956 Buick Special. Thereafter the court referral officer recommended that the motion be overruled and this recommendation was approved by the lower court on February 15, 1958.

Subsequently a motion for separate finding of fact and conclusions of law was filed and while it was pending, Sylvia D. Dailey on March 19, 1958, through her counsel, filed a motion asking that Leonard Clarence Dailey be held in contempt. She stated that her former husband had disobeyed the court order of October 25, 1951, requiring him to pay $10,000 during the month of January each year from 1952 through 1963 by failing to make the January 1958 payment. In an affidavit in support of this motion Sylvia D. Dailey said that the payment due January 31, 1958, had not been made and that her former husband "refuses to

make said payment although requested so to do." She asked that her former husband be required to show cause why he should not be punished for contempt.

Subsequent thereto the separate findings asked for were furnished and the lower court by Fogle, J., decided that the referee was correct in overruling the motion to terminate or reduce the alimony payments and the defendant was found in contempt and ordered to make immediate payment of the sum due. Other procedural steps were taken which need not be detailed here.

On August 5, 1958, two separate notices of appeal were filed. The one. which now bears No. 6006 in this court, was directed to the final order of the court below, dated July 18, 1958, "in which the said Court overruled appellant's exceptions to the separate findings of fact and conclusions of law which were made and filed herein on the 21st day of April, 1958, and further overruled appellant's motion to vacate and set aside the aforesaid separate findings of fact and conclusions of law and for a new trial, and further overruled appellant's motion to modify the divorce decree herein of October 25, 1951 * * *."

The other notice of appeal which has been numbered 6007 in this court, also relates to a final order entered in the court below July 18. 1958, "in which the said Court ruled that the marriage of plaintiff herein to Leslie E. Cox on November 29, 1957, did not terminate the alimony provisions in the decree for divorce entered herein on October 25, 1951, or entitle appellant herein to an order reducing said alimony payments. and in which said Court found appellant herein to be in contempt for failure to pay the January 1958, alimony installment provided for in said decree for divorce, and in which said Court ordered appellant herein to purge himself of said contempt by immediate payment of any sum due under the provisions of said divorce decree."

By agreement of the parties, the two appeals were consolidated for the purpose of filing assignments of error, briefs and for oral argument.

While the appellant in his consolidated brief and assignment of errors has made five separate assignments of errors, there is one question which appears to overshadow all the others in this case and that is whether the second marriage of Sylvia D. Dailey abrogated the provisions of the separation agreement with her first husband requiring him to make annual payments of $10,000 as alimony. It is noted that the proceeding to terminate the alimony payments, or in the alternative to reduce them, was begun by the filing of a motion. We further note that the court below disagreed with the findings of the referral officer that this was a proper way to raise the issue. In the opinion of Fogle, J., it is stated, "The Court cannot agree with the referee's apparent decision that a motion long after term is a proper manner in which to present this issue." In support of this holding the lower court cited **Fullerton v. Fullerton. 14 Abs 472.** However, the point appears not to have been pressed and no decision on this is apparently needed at this time.

Appellant places considerable reliance on the third branch of the syllabus in the case of **Olney v. Watts, 43 Oh St 499,** which reads as follows:

"3. Where alimony had been granted, in installments, to a divorced

wife, and she is afterward re-married to a man financially able to, and who does, in fact, support her, these facts would prima facie be a good cause for modifying the former decree so as to reduce the amount to be paid for her support to a nominal sum, or such a sum as,. in the changed condition of the defendant, the court might deem just and reasonable."

It should be borne in mind in determining what the Olney case, supra, holds that the decision was upon a general demurrer to the petition and that the petition contained no direct averment that the alimony was the result of an agreement of the parties. Inasmuch as the court found no direct averment that the alimony was the result of an agreement of the parties it assumed that it was the result of an order of the court and hence could be modified by the court. It was clearly pointed out that if it had been averred that the alimony was fixed by agreement of the parties, it was binding and could not be changed and the demurrer was properly sustained. In the opinion of Atherton, J., at page 507, in the Olney case, supra, it is stated:

"The question presented by this record is: Did the petition set forth a cause of action good as against a general demurrer?

"If the decree, as to the amount of alimony to be paid the defendant, was the result of an agreement of the parties, and simply confirmed by the court, and that appeared by the direct averments of the petition, we would not say that the court erred in sustaining the demurrer. But this nowhere appears by direct averment. If the exhibit could be looked to, as part of the petition, perhaps it does appear, but the exhibit is no part of the pleading and does not help it out. We are therefore compelled to lay out of view, what counsel on both sides seem to concede in argument, that we should consider on this demurrer; that is what appears in the exhibit attached to the petition, but not made a part of it. **Crawford v. Satterfield, 27 Oh St 421.**"

It follows therefore that the law decided in the Olney case, supra, is not applicable to the facts in the case now before this court. Counsel for Sylvia D. Dailey and the court below rely heavily upon the case of **Newman v. Newman, 161 Oh St 247,** decided by the Supreme Court of Ohio, March 31, 1954, the syllabus of which reads as follows:

"An alimony decree based on an agreement between the parties is not subject to modification by a court after term in the absence of mistake, misrepresentation or fraud and in the absence of a reservation of jurisdiction with reference thereto. (**Law v. Law, 64 Oh St 369,** approved and followed.)"

It will be noted that the Newman case, supra, had been decided in the Court of Appeals of Cuyahoga County, Ohio, and was certified to the Supreme Court of Ohio for determination upon a finding that it was in conflict with the judgment upon the same question announced by the Court of Appeals for Franklin County, Ohio, in the case of **Kintner v. Kintner, 78 Oh Ap 324.** In the opinion in the Newman case. supra. also written by Weygandt, C. J., of the Supreme Court of Ohio, reference is made to a number of earlier decisions. In this opinion the distinction in the Olney case, that which applies only where there was no separation agreement, is pointed out. The decision in the Newman

case, supra, relied upon and followed an earlier decision in the case of **Law v. Law, 64 Oh St 369**, in which the syllabus reads as follows:

"A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband after the term at which the original decree was made."

Chief Justice Weygandt concluded the opinion in the Newman case, supra, at page 250 with this statement:

"Clearly the trial court was correct in holding that the decision in the Law case, supra, is dispositive of the instant controversy, and this court finds no cogent reason for departing from the settled principle there stated. The parties voluntarily entered into a valid contract without mistake, misrepresentation or fraud. At their instance the agreement was submitted to the court and was duly approved. It properly was incorporated into the decree, and plain justice would seem to require that it be considered as binding both parties thereto."

In **18 O. Jur. (2d), page 80, Divorce and Separation, Section 143,** Judgment Based on Agreement, there appears the following statement:

"It is a general rule, supported by many Ohio cases in slightly varying but essentially similar statements, that a judgment or decree for alimony based on agreement of the parties is not subject to later modification. As many of the cases phrase the principle, such a decree is not subject to modification 'after term' or 'at a subsequent term of court,' in the absence of fraud, misrepresentation, or mistake, and in the absence of a reservation of jurisdiction with reference thereto. However, a decree entered pursuant to agreement, providing for the payment of a specified amount periodically 'until the further order of the court,' reserves to the court the power of modification."

Of course, there is no claim here of fraud or misrepresentation and the motion is based entirely upon the fact of the second marriage of Sylvia D. Dailey. As pointed out in the decision of the court below it would have been a simple matter for the husband to have protected himself against this situation by simply including a provision in the contract that in the event of the death or remarriage of the plaintiff, the payments were to cease.

In view of the decisions of the Supreme Court of Ohio above referred to, this court is bound to hold that a separation agreement lawfully entered into and approved by the court becomes binding upon the parties and is not subject to later modification and we so hold in this case.

In view of this holding the first three assignments of error must be overruled. Factually there is a vast difference between an annual earning capacity of $5,000 in the case of the second husband and one of many times that amount in the case of the first husband, upon the basis of which the first assignment of error is not well taken.

The second assignment of error relating principally to the earnings of the second husband in the several years immediately prior to his marriage to the plaintiff herein likewise is not well taken. The trial court's ruling in our opinion was correct in excluding this evidence.

As to the third assignment of error that the trial court erred in

overruling defendant's exceptions to the separate findings of fact and conclusions of law and overruling defendant's motion to vacate and other related rulings, also must be overruled. In our opinion the trial court's rulings were correct.

The fourth assignment of error that the trial court erred in ruling that the second marriage of the plaintiff did not terminate the duty to make the alimony payments provided for in the separation agreement has been already fully discussed by us. Inasmuch as we conclude that the lower court's rulings were in accordance with the determinations by the Supreme Court of Ohio, this assignment of error must be overruled.

The fifth and final assignment of error that the judgment of the court below was against the manifest weight of the evidence and contrary to law likewise is not well taken and in our opinion must be overruled.

Concluding that no error has intervened and that the several assignments of error are not well taken, it is ordered that the judgment of the court below both as to the motion to terminate or reduce the alimony payments and also the finding that the defendant was in contempt, should be and hereby are affirmed and the cause remanded to the court below.

DUFFY and WISEMAN, JJ, concur.