GARN, APPELLEE, v. GARN, APPELLANT.

(No. 1182—Decided June 1, 1960.)

Messrs. *Taggart, Cox & Moore,* for appellee.
Messrs. *Critchfield, Critchfield, Critchfield & Johnston,* for appellant.

HUNSICKER, J. This is an appeal on questions of law from a judgment entered against Ray Garn on December 17, 1959, wherein Frances Garn was awarded a divorce and alimony.

Ray Garn says that "the trial court erred in granting a decree for divorce and alimony which conflicted with and modified a prior decree for alimony between the same parties."

Counsel for Mr. Garn stated to this court that they wish only to object to the judgment which awards alimony, and they do not object to that portion of the judgment which awards a divorce to Frances Garn.

On October 2, 1954, Frances Garn and Ray Garn entered into a written separation agreement, which was, on March 8, 1955, "approved and confirmed and made a part of" a decree for alimony only entered by the Court of Common Pleas of Wayne County, Ohio.

Mr. and Mrs. Garn lived separately and apart from a time prior to the execution of the separation agreement and never resumed the marital relationship.

The trial court, on hearing the testimony of the witnesses for Mrs. Garn, entered its order granting her a divorce and awarded to her in fee the home of the parties, which, in the written separation agreement, was to be hers only until age 65, unless she should sooner, remarry or die.

It is to the following portion of the judgment that Ray Garn makes complaint:

"* * * The court further finds that the plaintiff has an equitable interest in real estate located on Gasche Street in Wooster, Ohio, and that the defendant is owner of a going business known as Garn's Diner, and that no division of property has ever been made between the parties; that the prior alimony order existing under case No. 38186 in this court was for support and maintenance only during separation, and that the separation has been continuous since the prior order of this court, and plaintiff is entitled to an equitable division of property in this cause.

"Plaintiff is, therefore, granted absolutely and in fee simple the following-described real estate * * *."

Ray Garn insists that the trial court had no power to make such an order, in view of the prior separation agreement entered into between the parties and approved by the trial court in the original alimony-only action.

The cases which discuss the problem herein all arose on the right to modify a separation agreement entered into in a divorce and alimony action. See: *Dailey* v. *Dailey*, 81 Ohio Law Abs., 591 and 597.

It has been determined that "an alimony decree based on an agreement between the parties is not subject to modification by a court after term in the absence of mistake, misrepresentation or fraud and in the absence of a reservation of jurisdiction with reference thereto. (*Law* v. *Law*, 64 Ohio St., 369, approved and followed.)" *Newman* v. *Newman*, 161 Ohio St., 247.

We must then look to the rights of the parties as they determined them to be by their own voluntary acts.

The agreement, as made by these parties, did give to Frances Garn, in addition to the right to occupy the house, "all the household goods and personal property contained in said home," and $1,000 in cash. The agreement also contained the following stipulations:

"* * * each does hereby release and discharge the other from all obligations of support, save and except such obligations as are herein specifically set forth, and from all other claims, rights and duties arising or growing out of said marital relation; and it is agreed that either of the parties may freely sell or otherwise dispose of his or her own property by gift, deed or last will and testament, subject to the obligations of each heretofore set forth, and it is agreed that each party hereto shall forever be barred from any and all rights or claims by way of dower, inheritance, descent, distribution, exemption under 16954 Ohio Code, allowance for year's support, right to administer the estate of the other, right to remain in the mansion house for one year after the death of Ray Garn, and all other rights or claims whatsoever in and to the estate of the other, whether real or personal, and whether now owned or hereafter to be acquired, and all rights or claims to a distributive share from the estate of the other now owned or hereafter acquired."

We believe that this is a plain, simple, valid contract which foreclosed Frances Garn from thereafter securing, through a court, the modification of this agreement voluntarily executed by the parties.

The trial court erred when it awarded to Mrs. Garn, in fee, the real estate of Mr. Garn. The parties having settled their financial and support differences, the trial court, in the absence of a finding of fraud, undue influence, duress, or other similar feature, could not thereafter change the free act of the parties.

The judgment as to the alimony is reversed, and the cause is remanded for further proceedings.

*Judgment reversed in part and cause remanded.*

DOYLE, P. J., and SKEEL, J., concur.

SKEEL, J., of the Eighth Appellate District, sitting by designation in the Ninth Appellate District.