JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Kenneth Gatten, appeals from the January 8, 2007 judgment entry of the Cuyahoga County Court of Common Pleas, Juvenile Division, denying his motion to terminate child support and to distribute escrow funds, and vacating a prior order that stayed disbursement of child support. After reviewing the facts of the case and the pertinent law, we affirm. *Page 2 
 {¶ 2} On July 18, 1996, Deanna Spencer filed a complaint against Gatten to establish paternity, health insurance, past care, and child support for A.S. ("child"), date of birth February 7, 1989. On October 11, 1996, the trial court adjudicated Gatten to be the father of the child. The court named Spencer as the residential and custodial parent. The court also established child support, health insurance, past care, and visitation rights.
 {¶ 3} On November 1, 2002, Gatten filed a motion to show cause, which alleged that Spencer failed to comply with the court's visitation order. Gatten also requested a modification of parental rights and responsibilities, suspension of child support until visitation was re-established and/or that he be granted custody of the child, and a modification of his child support obligations. The following month, Spencer filed a motion to suspend Gatten's visitation. A pretrial hearing was scheduled on February 27, 2003, but Spencer failed to appear.[1] The court's order, journalized on March 14, 2003, states, "[m]atter came on for hearing * * * on visitation issues. * * * The court hereby orders [CSEA] to stay disbursement of support monies * * * until further order of the court." *Page 3 
 {¶ 4} On September 8, 2003, the magistrate denied the motion to show cause because the parties failed to appear.[2] Spencer filed an objection to this order and stated that she was not notified of the court date. On that same date, she filed a change of address with the court. On February 10, 2004, the trial judge adopted the magistrates order and denied the objection.
 {¶ 5} On February 17, 2006, Gatten filed a motion to terminate child support and to distribute escrow funds back to him. He argued that Spencer denied him visitation with the child and that the child was emancipated. CSEA filed a motion in opposition on August 15, 2006. That same day, CSEA filed a motion to vacate the court's order of March 14, 2003, and to disburse monies on hold to Spencer or her assignees. CSEA asserted that the March 14, 2003 order was illegal since it violated R.C. 3109.05(D). Gatten filed a brief in opposition and CSEA filed a responsive brief. After a hearing, the magistrate issued a decision on October 26, 2006.
 {¶ 6} The trial court adopted the magistrate's decision that same day, stating, "[b]ased upon all the arguments, briefs and evidence submitted at this hearing, * * * there was no credible evidence by way of witness, or documents that demonstrate that the above named child is emancipated as such applicable to Sec. 3119.88 ORC *Page 4 
in order to warrant termination of the present child support obligation." The court further vacated the order of March 14, 2003, and ordered, "the funds as currently held by CSEA be disbursed to [Spencer] forthwith."
 {¶ 7} On November 8, 2006, Gatten filed objections to the magistrate's decision and on January 8, 2007 the trial court overruled his objections thus, approving the magistrate's decision. Gatten appeals the judgment, denying his motion to terminate child support and to distribute escrow funds, and vacating a prior order that stayed disbursement of child support. Gatten raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred in failing to apply the doctrine of res judicata when it vacated a prior order which had not been appealed, and in ordering a distribution to appellee of escrowed child support funds, and further in denying appellant's motions to terminate support and distribute escrowed funds; and in further ordering distribution of said funds to appellee.
 {¶ 9} "[2.] The trial court erred in requiring appellant to produce evidence of his minor daughter's emancipation when appellee prevented appellant from obtaining such evidence by unlawfully denying access of plaintiff to the child in violation of existing and valid court order, thus rewarding appellee for her contempt of court." *Page 5 
 {¶ 10} In Gatten's first assignment of error, he contends that the October 26, 2006 order violated the doctrine of res judicata. Specifically, he argues that the trial court erred when it vacated the March 14, 2003 order because it was a final appealable order. On the other hand, CSEA asserts that the trial court did not err when it vacated the March 14, 2003 judgment as it was not a final order because the trial court did not rule on Gatten's motion to show cause and the trial court's judgment stated, "until further order of the court". Additionally, CSEA maintains that even if the March 14, 2003 judgment is deemed a final order, res judicata does not apply to a decision that concerns care, custody, or support of a minor child and the trial court can modify or vacate the order. CSEA also alleges that the order is in violation of R.C. 3109.05(D).
 {¶ 11} The abuse of discretion standard is used to review a trial court's decision granting or denying a motion to vacate a judgement or order. JMAN. Coast Property Mgt v. Sutera, 8th Dist. No. 88244,2007-Ohio-3017, at _9. Moreover, absent an abuse of discretion, an appellate court shall not overrule an order concerning child support and visitation rights. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 12} First we will address whether the March 14, 2003 judgment was a final appealable order. An order of a court is a final appealable order only if the *Page 6 
requirement of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are met. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.
 {¶ 13} R.C. 2505.02(B)(1) states in relevant part that, "an order is a final order that may be reviewed, affirmed, modified, or reversed, * * * when it is * * * an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(A)(2)defines a substantial right as, "a right that * * * a statute * * * entitles a person to enforce or protect." Thus, we determine the March 14, 2003 order was a final order because it stayed child support for over 3 years and the child had a substantial right to enforce the child support order.
 {¶ 14} CSEA argues that the March 14, 2003 order was not final because the court did not rule on Gatten's motion to show cause. The record reflects that the trial court adopted the magistrate's denial of Gatten's motion to show cause on February 10, 2004. Therefore, the motion was ruled on by the trial court and the order was final.
 {¶ 15} However, when a trial court uses the language "until further order of the court," it reserves power to modify that order. Dailey v.Dailey (1959), 111 Ohio App. 122, 15. See, also, Stack v. Stack(Nov. 18, 1993), 8th Dist. No. 64114, 1993 Ohio App. LEXIS 5575, at 4-5. Further, the Supreme Court of Ohio held, "[p]ursuant to R.C. 3111.16, a juvenile court has continuing jurisdiction over all judgments or orders issued in accordance with R.C. 3111.01 to 3111.19, which includes *Page 7 
judgments or orders that concern the duty of support or involve the welfare of a minor child." Cuyahoga Support Enforcement Agency v.Guthrie (1999), 84 Ohio St.3d 437, 444. Also, Ohio courts have long recognized that a court retains continuing jurisdiction over its orders concerning the custody, care, and support of children. Singer v.Dickerson (1992), 63 Ohio St.3d 408, 413. Thus, the law is clear that the trial court had continuing jurisdiction over the order since it concerned the custody, care, and support of the child.
 {¶ 16} Next we will address if the March 14, 2003 order was in violation of R.C. 3109.05(D) and thus voidable. In this case, the trial court held a hearing in February 2003, regarding visitation issues and although duly noticed of said hearing, Spencer failed to appear. In its March 14, 2003 journal entry, the trial court ordered CSEA to stay disbursement of child support monies for the child. R.C. 3109.05(D)specifically states in relevant part, "the court shall not authorize or permit escrowing * * * of any child support payment order * * * as a method of enforcing the specific provisions of any such order dealing with parenting time or visitation." The obligation to pay child support is separate and distinct from the obligation to comply with visitation. Robert v. Robert (July 20, 1995), 10th Dist. No. 95APF01-33, 1995 Ohio App. Lexis 3088, at 9. Child support is for the benefit of the child. Id. Therefore, we conclude that the March 14, 2003 order was not in accord with R.C. 3109.05(D). *Page 8 
 {¶ 17} In the case at bar, the court stayed the distribution of child support which affected a substantial right, thus the order was final appealable order. However, the trial court did not abuse its discretion when it vacated the March 14, 2003 order as it had the power to modify the order. The law is also clear that the trial court had continuing jurisdiction over the order since it concerned the custody, care, and support of the child. Accordingly, res judicata does not apply to this case. Further, the March 14, 2003 order was voidable and not in accord with R.C. 3109.05(D). Therefore, Gatten's first assignment of error is overruled.
 {¶ 18} In Gatten's second assignment of error, he alleges that the trial court erred when it required him to produce evidence of the child's emancipation. He argues that his child is emancipated because he does not know the child's whereabouts and Spencer has not complied with the court's visitation order. He further maintains that principles of equity should apply to his right to terminate child support because he is not receiving visitation of a child he has been ordered to support. Conversely, CSEA insists that Gatten bears the burden to prove that the child is emancipated. CSEA also asserts that the rights to terminate child support are defined by law and therefore equity does not apply.
 {¶ 19} R.C. 3119.88 describes the circumstances when child support should be terminated: *Page 9 
 {¶ 20} "(A) [t]he child's attainment of the age of majority if the child no longer attends an accredited high school on a full-time basis * * *
 {¶ 21} "* * *
 {¶ 22} "(E), [t]he child's emancipation."
 {¶ 23} In addition, R.C. 3109.01 identifies the age of majority as, "[a]ll persons of the age of eighteen years or more, who are under no legal disability * * *."
 {¶ 24} Emancipation is defined as the freeing of a minor child from parental control. Henry v. Henry (Aug. 19, 1992), 9th Dist. No. 15474, 1992 Ohio App. Lexis 4230, at 2. The question of when a child becomes emancipated depends upon the particular facts and circumstances of each case and the party asserting emancipation bears the burden of proof. Id. at 3.
 {¶ 25} Additionally, when the rights of parties are clearly defined by law, the courts usually apply the maxim "equity follows the law."Assn. of Cuyahoga Cty. Teachers of Trainable Retarded v. Cuyahoga Cty.Bd. of Mental Retardation (1983), 6 Ohio St.3d 190, 192. However, where the rights of a party are not clearly delineated, the courts will apply broad equitable principles of fairness. Id.
 {¶ 26} In the case at bar, Gatten bears the burden to prove that his child is emancipated and the trial court found that he did not do so.Henry, supra, at 3. Moreover, the right to terminate child support is clearly defined under R.C. 3119.88. *Page 10 
Accordingly, we agree with CSEA that the principles of equity do not apply to the instant case. Thus, Gatten's second assignment of error is overruled.
 {¶ 27} The judgment of the Juvenile Division of Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] The record does not reflect that the Cuyahoga County Child Support Enforcement Agency ("CSEA") was notified of the proceeding.
[2] This entry does not have a time stamp date of journalization or the trial judge's signature. *Page 1