[Cite as *Millstein v. Millstein*, 2018-Ohio-2295.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106481

---

## NORMAN MILLSTEIN

### PLAINTIFF-APPELLANT

vs.

## KEVAN MILLSTEIN, ET AL.

### DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-883760

**BEFORE:** E.A. Gallagher, A.J., Boyle, J., Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEYS FOR APPELLANT**

Terry M. Brennan
Kendall C. Kash
Daniel R. Lemon
Kevin G. Robertson
Baker & Hostetler L.L.P.
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**

Damond R. Mace
Steven A. Friedman
Squire, Patton Boggs (US) L.L.P
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

Fred N. Carmen
27800 Cedar Road
Beachwood, Ohio 44122

EILEEN A. GALLAGHER, A.J.:

{¶1}    Plaintiff-appellant Norman Millstein appeals the decision of the Cuyahoga County Court of Common Pleas wherein his petition for declaratory and equitable relief pursuant to Civ.R. 12 was dismissed.    We affirm.

### Facts and Procedural Background

{¶2} On July 28, 2017, appellant filed a petition for declaratory and equitable relief in the Cuyahoga County Court of Common Pleas.    Appellant's petition states that he is the grantor of two irrevocable trust agreements established for the benefit of his children: the "Al-Jo" trust created on December 29, 1987, and the "Kevan Millstein" trust created May 2, 1988.    Appellant did not attach the trust documents to his complaint.

{¶3} Appellant alleged that defendant-appellee Kevan Millstein (hereinafter "Kevan") is the sole trustee of the trusts and one of the beneficiaries of the Kevan Millstein trust.    Appellant alleged that under federal income tax law, the two trusts were designed so appellant would personally report the federal taxable income, deductions and credits realized from the investments of trusts under the "grantor trust" rules of the Internal Revenue Code sections 671 et seq.    Although appellant is responsible for reporting any net taxable income associated with the trusts, he retained no rights as a beneficiary of the trusts.

{¶4} Norman alleged that, in 2010, he requested that Kevan provide him reimbursement from the trusts for "substantial income taxes" owed by him due to the taxable income generated by the trusts.    Kevan declined but reached an agreement whereby the assets of a third, unrelated trust were used to defray appellant's personal income tax liabilities.

{¶5} In 2013, Kevan informed appellant that the third trust no longer had liquid assets available to defray appellant's income tax liabilities resulting from the trusts at issue in this case.

Appellant alleged that Kevan took steps with respect to the Kevan Millstein trust such that appellant would no longer be taxed on the income attributable to the investments of that trust beginning in 2014. No alteration was made to the "Al-Jo" trust.

{¶6} Appellant alleged that, as a result of his tax obligations under the terms of these irrevocable trusts, he paid federal and state income taxes of $5,225,837 for the "Kevan Millstein" trust in 2013 and $1,261,068 for the "Al-Jo" trust for the tax years of 2013, 2014 and 2015. Appellant remains liable for future income taxes arising from the "Al-Jo" trust.

{¶7} Appellant's petition sought "equitable reimbursement of income taxes" from the two trusts as well as a "virtual representation" finding of the relevant beneficiaries of the two trusts for the purpose of effectuating such reimbursement.

{¶8} Kevan and the trust beneficiaries named as defendants in appellant's petition moved for the petition to be dismissed pursuant to Civ.R. 12, arguing that 1) appellant lacked standing to request that the trusts make any payment to him, 2) that there is no cognizable claim in Ohio for equitable reimbursement to a grantor for tax liability incurred under the terms of a trust the grantor created, 3) appellant's claim was inequitable and 4) appellant's petition was barred by collateral estoppel.[1] The trial court granted the motions to dismiss on October 18, 2017, without opinion.

**Law and Analysis**

{¶9} In his sole assignment of error, appellant argues that the trial court erred in dismissing his petition for equitable relief pursuant to Civ.R. 12.

---

[1] We note that appellees attached exhibits to their motions to dismiss that were inappropriate for a motion to dismiss under Civ.R. 12(B)(6) and could only have been considered had the trial court converted the motion into a motion for summary judgment. Similarly, appellees advanced arguments in their motion that exceeded the scope of Civ.R. 12(B)(6).

## I. Civ.R. 12

{¶10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *N. Point Properties v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). A lower court's determination that a plaintiff can prove no set of facts that would entitle the plaintiff to relief is reviewed de novo, requiring the appellate court to undertake an independent analysis without deference to the lower court's decision. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5; *Hendrickson v. Haven Place, Inc.*, 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶ 12.

{¶11} In deciding whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6), the court's review is limited to the four corners of the complaint along with any documents properly attached to, or incorporated within, the complaint. *High St. Properties v. Cleveland*, 8th Dist. Cuyahoga No. 101585, 2015-Ohio-1451, ¶ 17, citing *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38. The court must accept as true all the material factual allegations of the complaint and construe all reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Brown v. Carlton Harley-Davidson, Inc.*, 8th Dist. Cuyahoga No. 99761, 2013-Ohio-4047, ¶ 12, citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995). To prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. If there is "a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss."*High St. Properties* at ¶ 16, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). Thus, a dismissal under Civ.R.

12(B)(6) "is reserved for the rare case that cannot possibly succeed." *Tri-State Computer Exchange, Inc. v. Burt*, 1st Dist. Hamilton No. C-020345, 2003-Ohio-3197, ¶ 12.

## II. Appellant's Claim for Reimbursement is Disallowed Under The Ohio Trust Code

{¶12} We find that the trial court correctly dismissed appellant's petition for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). Central to our conclusion is the fact that the relief sought by appellant is specifically addressed in the Ohio Trust Code and unavailable to him without the cooperation of a trustee or beneficiary. The Ohio Trust Code was enacted in 2006 and is applicable to all trusts created before, on, or after its effective date. R.C. 5811.03.

{¶13} Relevant to the present case is R.C. 5804.16, titled, "Modification to achieve settlor's tax objectives," which provides:

> To achieve the settlor's tax objectives, the court may modify the terms of a trust in a manner that is not contrary to the settlor's probable intention. The court may provide that the modification has retroactive effect.

{¶14} Pursuant to R.C. 5804.10, only a trustee or beneficiary may commence a proceeding to approve or disapprove a proposed modification under R.C. 5804.16. R.C. 5804.10 specifically limits a settlor's ability to commence a proceeding to approve a proposed modification or termination of a trust to certain situations involving the consent of the trust's beneficiaries under R.C. 5804.11.

{¶15} Appellant has not brought the present action under R.C. 5804.11 and is precluded by operation of R.C. 5804.10 from unilaterally seeking modification to achieve his tax objectives under R.C. 5804.16. Appellant concedes that the question of equity in this case is an issue of first impression in Ohio and without citing the above authority asks this court to utilize equity to directly contradict the legislative intent expressed in R.C. 5804.10 and 5804.16.

**{¶16}** No court may employ equitable principles to circumvent valid legislative enactments. *Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co.*, 81 Ohio App.3d 263, 269-270, 610 N.E.2d 1061 (9th Dist.1992), citing *Patterson v. Lamson*, 45 Ohio St. 77, 90-91, 12 N.E. 531 (1887); *Seven Hills v. Cleveland*, 1 Ohio App.3d 84, 95, 439 N.E.2d 895 (8th Dist.1980). When the rights of parties are clearly defined and established by law, the courts usually apply the maxim "equity follows the law." *CSEA ex rel. Spencer v. Gatten*, 8th Dist. Cuyahoga No. 89398, 2007-Ohio-4071, ¶ 25, citing *Assn. of Cuyahoga Cty. Teachers of Trainable Retarded v. Cuyahoga Cty. Bd. of Mental Retardation*, 6 Ohio St.3d 190, 192, 451 N.E.2d 1215 (1983).

**{¶17}** In this instance, the legislature clearly considered the circumstances in which it intended to allow parties to a trust to modify the terms of the trust to achieve a settlor's tax objectives and decided to reserve the power to initiate such an action to the trustee or beneficiary.

**{¶18}** Even if we were to allow appellant to use equity to circumvent the clear intent of the legislature, it is well established that equity will not aid a volunteer. *Ins. Co. of N. Am. v. Travelers Ins. Co.*, 118 Ohio App.3d 302, 318, 692 N.E.2d 1028 (8th Dist.1997). Appellant admits that he established the trusts in a manner that allowed him to personally take advantage of tax deductions and credits derived from the trust investments and that he is responsible for taxable income. Appellant has not alleged that Kevan or any of the other parties named in this suit have taken any action inconsistent with the terms of the trust that he himself created. We agree with the appellee's position that appellant voluntarily created the situation that he now claims is inequitable.

**{¶19}** We find that the trial court correctly dismissed appellant's petition for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR